IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ROGER D. HALL,

        Plaintiff,

        Civil No. 11-493-CL

v.

REPORT AND RECOMMENDATION

MAX WILLIAMS, et al.,

        Defendants.

CLARKE, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections currently incarcerated at Two Rivers Correctional Institution, filed a complaint alleging that defendants are unlawfully garnishing his prison trust account.

Defendants now move for summary judgment (#16) on the ground that plaintiff's claims are barred by the doctrine of *res judicata* or claim preclusion and because state law claims are improper in this procceding.

Plaintiff has previously filed two federal lawsuits and two state court cases based upon the

same operative facts giving rise to his claims in this proceeding. *See* Affidavit of Michael Washington (#18). The U.S. District Court's judgment dismissing plaintiff's most recent federal case was affirmed on appeal before the United States Court of Appeals for the Ninth Circuit on grounds that it was "barred by the doctrine of *res judicata* because Hall ha[d] already litigated his claims arising out of the garnishment of his prison trust account." Id. Attachment 2, Memorandum from U.S. Court of Appeals Ninth Circuit Case No. 3:08-CV-00262-HU, p. 2.

`Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent action against the same defendant or those in privity with that defendant. Montana v. United States, 440 U.S.147, 153 (1979). "Claim preclusion ... applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Central Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002) (citing Blonder v.-Tongue Labs v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1971)). "Claim preclusion bars any subsequent suit on claims that could have been raised in the prior action." Cumbre Inc. V. State Compensation Ins. Fund, Civ. No. 09-17190, 2010 WL 4643044, at *1 (9th Cir. Nov. 17, 2010) (citing Cell Therapeutics, Inc. V. Lash Group, Inc, 586 F.3d 1204, 1212 (9th Cir. 2009)).

In this case, plaintiff is attempting to do exactly what is prohibited under the doctrine of *res judicata* or claim preclusion. Plaintiff's allegations are substantially identical to those made in his previous lawsuits, are based on the same operative facts and alleged against the same defendants or those in privity with them and has been resolved by a final judgment on the merits.

Plaintiff's argument that *res judicata* does not apply because he is bringing his claims against a new defendant and because he is raising new statutory authority, does not save his cause of action

. Plaintiff could have used the statutory authority he now uses to support his claims in one of his previous actions. Therefore he is barred from raising those claims in this action. *Cumbre, Inc.*, *supra*.

In addition, under O.R.S § 30.265(1), "the sole cause of action for any tort of officers, employees, or agents of a public body acting within the scope of their employment or duties ... shall be an action against the public body only. Thus, the individually named defendants are not proper parties. The only proper defendant for plaintiff's claims is the State of Oregon or the ODOC. Because the same is true for plaintiff's previous lawsuits, he is barred from making the same claims in this proceeding. Moreover, plaintiff's claims properly construed as claims as claims against the state are barred by the Eleventh Amendment.

Plaintiff's argument that *res judicata* does not apply because "no court has responded to these claims" (#19) p. 1, is without merit. Fed. R. Civ. P. 41(b) provides that "[u]nless the court in its order of dismissal otherwise specifies, a dismissal ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *See*, Paganis v. Blonstein, 3 F.3d 1067, 1071 (7th Cir. 1993) (noting that "with prejudice" is an acceptable shorthand for "adjudication on the merits"). The record reflects that the courts in plaintiff's previous cases made such findings. *See*, Washington Affidavit (#18) and attachments.

I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#16) should be allowed. Plaintiff's "Motions for Stay" (#24) is properly construed as a motion for preliminary equitable relief and should be denied as moot. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

If plaintiff appeals from an order adopting this Report and Recommendation, the appeal would not be taken in good faith.

DATED this 7 day of October, 2011.

Mark D. Clarke
United States Magistrate Judge